UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSE AHUMADA-RODRIGUEZ,

    Defendant.

CASE NO. CR09-5601BHS

ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNTS 1 AND 2.

This matter comes before the Court on Defendant's Motion to Dismiss Counts 1 & 2 (Dkt. 39). The Court has considered the pleadings filed in support of and in opposition to the motion and remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On September 1, 2009, the Government filed a Complaint against Defendant Jose Ahumada-Rodriguez alleging that Defendant committed the offenses of Possession with Intent to Distribute Cocaine and Possession with Intent to Distribute Heroine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2. Dkt. 1.

On September 10, 2009, a grand jury returned an Indictment against Defendant for the same two charges. Dkt. 26.

| | |
|---|---|
| 1 | On October 6, 2009, Defendant filed a Motion to Dismiss Counts 1 & 2. Dkt. 39. |
| 2 | On October 12, 2009, the Government responded. Dkt. 40. On October 14, 2009, |
| 3 | Defendant replied. Dkt. 41. On October 15, 2009, Defendant Mario Alberto Herrera- |
| 4 | Perez joined in the motion. Dkt. 42. |

## II. FACTUAL BACKGROUND

The allegations in the Indictment are as follows:

> On or about July 29, 2009, in Clark County, within the Western District of Washington, and elsewhere, SAUL AGUILAR-SAGUN, MARIO ALBERTO, HERRERA-PEREZ, and JOSE AHUMADA-RODRIGUEZ knowingly and intentionally did possess with the intent to distribute, and aid and abet the possession with intent to distribute, cocaine, a substance controlled under Schedule II, Title 21, United States Code, Section 812.
> The Grand Jury further alleges that this offense involved one kilogram or more of a substance or mixture containing cocaine.
> ***
> On or about July 29, 2009, in Clark County, within the Western District of Washington, and elsewhere, SAUL AGUILAR-SAGUN, MARIO ALBERTO, HERRERA-PEREZ, JOSE AHUMADA-RODRIGUEZ knowingly and intentionally did possess with the intent to distribute, and aid and abet the possession with intent to distribute, heroin, a substance controlled under Schedule I, Title 21, United States Code, Section 812.
> The Grand Jury further alleges that this offense involved one kilogram or more of a substance or mixture containing heroin.

Dkt. 26 at 1-2.

## III. DISCUSSION

Under Fed. R. Crim. P. 12, a party must bring a pretrial motion to challenge "a defect in the indictment or information . . . ." Fed. R. Civ. P. 12(b)(1)(B). An indictment will withstand a motion to dismiss:

> if it contains the elements of the charged offense in sufficient detail (1) to enable the defendant to prepare his defense; (2) to ensure him that he is being prosecuted on the basis of the facts presented to the grand jury; (3) to enable him to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge.

*United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994) (quotation omitted). Moreover, the Supreme Court has held that it is acceptable for an indictment to set forth the offense in the language of the statute itself provided that the language clearly sets forth all the

ORDER

requisite elements of the offense without ambiguity. *Id.* (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)). Rule 12(b), however, should not be invoked so as to require the court to, in effect, prematurely rule on the sufficiency of the evidence. *United States v. Nukida*, 8 F.3d 665, 669-670 (9th Cir. 1993) (motion to dismiss for lack of interstate commerce nexus premature; government had right to present case to jury and judge).

In this case, Defendant challenges the sufficiency of the evidence. Defendant argues that "there is no evidence that Mr. Ahumada-Rodriguez had actual possession of any cocaine or heroin" and that the "evidence is also insufficient to establish that Mr. Ahumada-Rodriguez had constructive possession of the drugs or the cash." Dkt. 39 at 5. This is not a proper issue for a Rule 12(b) motion. *See Nukida, supra*. The Government has the right to present its case against Defendant. Therefore, the Court denies Defendant's motion to dismiss.

## IV. ORDER

Therefore, it is hereby **ORDERED** that the Defendant's Motion to Dismiss Counts 1 & 2 (Dkt. 39) is **DENIED**.

DATED this 19th day of October, 2009.

BENJAMIN H. SETTLE
United States District Judge

ORDER